UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS CANO, REYES WILFREDO FUNES ROMERO, KEVIN ZELAYA, AND JOSE NELSON IRAHETA, Individually and on behalf of those similarly situated.<br><br>                               Plaintiffs,<br>           v.<br>JOHN ARMATO, YVETTE ARMATO a/k/a YVETTE BAHAMONDE, and TUSCANY MARBLE AND GRANITE, INC.,<br><br>                            Defendants. | Civil Action No.<br>2:23-cv-03812-JMA-AYS<br><br>**ANSWER** |

John Armato (referred to hereinafter as "Defendant John"), Yvette Armato, a/k/a Yvette Bahamonde (referred to hereinafter as "Defendant Yvette"), and Tuscany Marble and Granite, Inc. (referred to hereinafter as "Defendant Tuscany" or "Tuscany") (collectively referred to hereinafter as "Defendants"), by and through their attorneys, Palmieri Law P.C., as and for their Answer to Plaintiffs' Complaint, dated May 22, 2023 (the "Complaint"), respectfully allege as follows:

1.      The allegations set for the in paragraph "1" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "1" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

2.      Paragraph "2" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "2" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

1

3.      Paragraph "3" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "3" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

4.      Defendants deny the allegations contained in paragraph "4" of the Complaint.

## AS AND FOR AN ANSWER TO "JURIDICTION AND VENUE"

5.      Paragraph "5" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "5" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

6.      Paragraph "6" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "6" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

7.      Paragraph "7" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "7" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO "PARTIES"

8.      Defendant John admits the allegation contained in paragraph "8" of the Complaint.

9.      Defendant John denies the allegation contained in paragraph "9" of the Complaint except admits that he was and is an owner and Chief Executive Officer of Tuscany.

10.     The allegations set for the in paragraph "10" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "10" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

11.     Defendant Yvette admits the allegations in paragraph "11" of the Complaint.

12.     Defendant Yvette denies the allegations in paragraph "12" of the Complaint.

13.     The allegations set for the in paragraph "13" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "13" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

14.     The allegations set for the in paragraph "14" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "14" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

15.     Defendant Tuscany admits the allegations in paragraph "15" of the Complaint.

16.     The allegations set for the in paragraph "16" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "16" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

17.     Paragraph "17" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "17" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

18.     Defendants deny the allegations contained in paragraph "18" of the Complaint except admit that Luis Cano was an employee of Tuscany.

19.     Defendants deny the allegations contained in paragraph "19" of the Complaint except admit that Kevin Zelaya was an employee of Tuscany.

20.     Defendants deny the allegations contained in paragraph "20" of the Complaint except admit that Reyes Wilfredo Funes Romero was an employee of Tuscany.

21.     Defendants deny the allegations contained in paragraph "21" of the Complaint except admit that Jose Nelson Iraheta was an employee of Tuscany.

22.     The allegations set for the in paragraph "22" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "22" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

23.     Paragraph "23" of the Complaint refers to documents, the terms of which speak for themselves and, as such, no response is required.  To the extent any allegations are deemed to be alleged therein, Defendant denies them in their entirety.

24.     Defendants deny the allegations contained in paragraph "24" of the Complaint except Tuscany admits that it operated its business at 243 Skidmore Road, Deer Park, New York.

25.     Defendants deny the allegations contained in paragraph "25" of the Complaint.

4

26.     The allegations set for the in paragraph "26" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "26" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

27.     Paragraph "27" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "27" of the Complaint, Defendants deny the allegations contained therein except admit that a tolling agreement was executed between the parties and respectfully refer all questions of law to the Court.

28.     Defendants deny the allegations contained in paragraph "28" of the Complaint.

29.     Defendants deny the allegations contained in paragraph "29" of the Complaint.

30.     Defendants deny the allegations contained in paragraph "30" of the Complaint.

31.     Defendants deny the allegations contained in paragraph "31" of the Complaint.

32.     Defendants deny the allegations contained in paragraph "32" of the Complaint.

33.     Defendants deny the allegations contained in paragraph "33" of the Complaint.

34.     Defendants deny the allegations contained in paragraph "34" of the Complaint.

35.     Defendants deny the allegations contained in paragraph "35" of the Complaint.

36.     Defendants deny the allegations contained in paragraph "36" of the Complaint.

37.     Defendants deny the allegations contained in paragraph "37" of the Complaint.

38.     Defendants deny the allegations contained in paragraph "38" of the Complaint.

39.     Defendants deny the allegations contained in paragraph "39" of the Complaint.

40.     The allegations set forth in Paragraph "40" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no

response is required. To the extent a response is required to paragraph "40" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

41.     Defendants deny the allegations contained in paragraph "41" of the Complaint.

42.     Defendants deny the allegations contained in paragraph "42" of the Complaint.

43.     Defendants deny the allegations contained in paragraph "43" of the Complaint.

44.     Defendants deny the allegations contained in paragraph "44" of the Complaint.

45.     Defendants deny the allegations contained in paragraph "45" of the Complaint.

46.     The allegations set forth in Paragraph "46" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "46" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

47.     Defendants deny the allegations contained in paragraph "47" of the Complaint.

48.     Defendants deny the allegations contained in paragraph "48" of the Complaint.

49.     Defendants deny the allegations contained in paragraph "49" of the Complaint.

50.     Defendants deny the allegations contained in paragraph "50" of the Complaint except admit that the Department of Labor conducted an investigation.

51.     Defendants deny the allegations contained in paragraph "51" of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the statements made in paragraph "52" of the Complaint.

53.     Defendants deny the allegations contained in paragraph "53" of the Complaint.

54.     Defendants deny the allegations contained in paragraph "54" of the Complaint.

55.     Defendants deny the allegations contained in paragraph "55" of the Complaint.

56.     Defendants deny the allegations contained in paragraph "56" of the Complaint.

57.     Defendants deny the allegations contained in paragraph "57" of the Complaint.

58.     Defendants deny the allegations contained in paragraph "58" of the Complaint.

59.     Defendants deny the allegations contained in paragraph "59" of the Complaint.

60.     Defendants deny the allegations contained in paragraph "60" of the Complaint.

61.     Defendants deny the allegations contained in paragraph "61" of the Complaint.

62.     Defendants deny the allegations contained in paragraph "62" of the Complaint.

63.     Defendants deny the allegations contained in paragraph "63" of the Complaint.

64.     Defendants deny the allegations contained in paragraph "64" of the Complaint.

65.     Defendants deny the allegations contained in paragraph "65" of the Complaint.

66.     Defendants deny the allegations contained in paragraph "66" of the Complaint.

67.     Defendants deny the allegations contained in paragraph "67" of the Complaint.

68.     Defendants deny the allegations contained in paragraph "68" of the Complaint.

69.     Defendants deny the allegations contained in paragraph "69" of the Complaint.

70.     Defendants deny the allegations contained in paragraph "70" of the Complaint.

71.     Defendants deny the allegations contained in paragraph "71" of the Complaint.

72.     Defendants deny the allegations contained in paragraph "72" of the Complaint.

73.     Defendants deny the allegations contained in paragraph "73" of the Complaint except admit that Defendants were defendants in a prior action, *Avelar et al. v. Armato et al.*, 21-cv-03483 (E.D.N.Y.).

74.     Paragraph "74" of the Complaint refers to documents, the terms of which speak for themselves and, as such, no response is required.  To the extent any allegations are deemed to be alleged therein, Defendant denies them in their entirety.

75.     Defendants deny the allegations contained in paragraph "75" of the Complaint.

<u>As and for an Answer to "Plaintiff Luis Cano"</u>

76.     Defendants deny the allegations contained in paragraph "76" of the Complaint except admit that Luis Cano was an employee of Tuscany.

77.     Defendants deny the allegations contained in paragraph "77" of the Complaint.

78.     Defendants deny the allegations contained in paragraph "78" of the Complaint.

79.     Defendants deny the allegations contained in paragraph "79" of the Complaint.

80.     Defendants deny the allegations contained in paragraph "80" of the Complaint.

81.     The allegations set forth in Paragraph "81" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "81" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

83.     Defendants deny the allegations contained in paragraph "83" of the Complaint.

84.     Defendants deny the allegations contained in paragraph "84" of the Complaint.

85.     The allegations set forth in Paragraph "85" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "85" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

86.     The allegations set forth in Paragraph "86" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "86" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

As and for an Answer to "Plaintiff Reyes Wilfredo Funes Romero"

87.     Defendants deny the allegations contained in paragraph "87" of the Complaint except admit that Reyes Wilfredo Funes Romero was an employee of Tuscany.

88.     Defendants deny the allegations contained in paragraph "88" of the Complaint.

89.     Defendants deny the allegations contained in paragraph "89" of the Complaint.

90.     Defendants deny the allegations contained in paragraph "90" of the Complaint.

91.     Defendants deny the allegations contained in paragraph "91" of the Complaint.

92.     Defendants deny the allegations contained in paragraph "92" of the Complaint.

93.     The allegations set forth in Paragraph "93" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "93" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

94.     Defendants deny the allegations contained in paragraph "94" of the Complaint.

95.     Defendants deny the allegations contained in paragraph "95" of the Complaint.

96.     The allegations set forth in Paragraph "96" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "96" of the Complaint,

Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

97.    The allegations set forth in Paragraph "97" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "97" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

As and for an Answer to "Plaintiff Kevin Zelaya"

98.    Defendants deny the allegations contained in paragraph "98" of the Complaint except admit that Kevin Zelaya was an employee of Tuscany.

99.    Defendants deny the allegations contained in paragraph "99" of the Complaint.

100.    Defendants deny the allegations contained in paragraph "100" of the Complaint.

101.    Defendants deny the allegations contained in paragraph "101" of the Complaint.

102.    Defendants deny the allegations contained in paragraph "102" of the Complaint.

103.    Defendants deny the allegations contained in paragraph "103" of the Complaint.

104.    Defendants deny the allegations contained in paragraph "104" of the Complaint.

105.    Defendants deny the allegations contained in paragraph "105" of the Complaint.

106.    Defendants deny the allegations contained in paragraph "106" of the Complaint.

107.    Defendants deny the allegations contained in paragraph "107" of the Complaint.

108.    The allegations set forth in Paragraph "108" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "108" of the Complaint,

Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

109.    The allegations set forth in Paragraph "109" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "109" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

110.    The allegations set forth in Paragraph "109" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "109" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

As and for an Answer to "Plaintiff Jose Nelson Iraheta"

111.    Defendants deny the allegations contained in paragraph "111" of the Complaint except admit that Jose Nelson Iraheta was an employee of Tuscany.

112.    Defendants deny the allegations contained in paragraph "112" of the Complaint.

113.    Defendants deny the allegations contained in paragraph "113" of the Complaint.

114.    Defendants deny the allegations contained in paragraph "114" of the Complaint.

115.    Defendants deny the allegations contained in paragraph "115" of the Complaint.

116.    The allegations set forth in Paragraph "116" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "116" of the Complaint,

Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

117.     Defendants deny the allegations contained in paragraph "117" of the Complaint.

118.     The allegations set forth in Paragraph "118" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "118" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

119.     Defendants deny the allegations contained in paragraph "119" of the Complaint.

120.     Defendants deny the allegations contained in paragraph "120" of the Complaint.

121.     The allegations set forth in Paragraph "121" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "121" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

122.     The allegations set forth in Paragraph "122" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "122" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE COLLECTIVE ACTION ALLEGATIONS

123.     Paragraph "123" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "123" of the

Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

124.     Paragraph "124" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "124" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

125.     Paragraph "125" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "125" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

126.     Paragraph "126" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "126" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

127.     Paragraph "127" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "127" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

128.     Paragraph "128" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "128" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

129.    The allegations set forth in Paragraph "129" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "129" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE CLASS ACTION ALLEGATIONS

130.    Paragraph "130" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "130" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

131.    Paragraph "131" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "131" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

132.    Paragraph "132" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "132" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

133.    Paragraph "133" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "133" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

134.     Paragraph "134" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "134" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

135.     Paragraph "135" of the Complaint and all subparts (a) through (k) thereof set forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "135" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

136.     Paragraph "136" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "136" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

137.     Paragraph "137" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "137" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

138.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the statements made in paragraph "138" of the Complaint.

139.     Paragraph "139" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "139" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

140.    Paragraph "140" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "140" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

## AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

141.    Defendants repeat and reallege all of the denials in paragraphs 1 through 140 of this Answer as if fully set forth herein.

142.    Paragraph "142" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "142" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

143.    Paragraph "143" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "143" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

144.    The allegations set forth in Paragraph "144" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "144" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

145.    The allegations set forth in Paragraph "129" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "129" of the Complaint,

Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

146.     Paragraph "146" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "146" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

147.     Defendants deny the allegations contained in paragraph "147" of the Complaint.

148.     The allegations set forth in Paragraph "148" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "148" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

149.     The allegations set forth in Paragraph "149" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "149" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

150.     Paragraph "150" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "150" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

151.     The allegations set forth in Paragraph "151" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no

response is required. To the extent a response is required to paragraph "151" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

152.     Defendants repeat and reallege all of the denials in paragraph 1 through 151 of this answer as if fully set forth herein.

153.     Paragraph "153" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "153" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

154.     Paragraph "154" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "154" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

155.     Paragraph "155" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "155" of the Complaint, Defendants deny the allegations contained therein and respectfully respectfully refer all questions of law to the Court.

156.     The allegations set forth in Paragraph "156" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "156" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

157.    The allegations set forth in Paragraph "157" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "157" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

158.    Defendants repeat and reallege all of the denials in paragraph 1 through 157 of this answer as if fully set forth herein.

159.    Paragraph "159" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "159" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

160.    Paragraph "160" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "160" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

161.    Defendants deny the allegations contained in paragraph "161" of the Complaint.

162.    The allegations set forth in Paragraph "162" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "162" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

163.    Defendants repeat and reallege all of the denials in paragraph 1 through 162 of this answer as if fully set forth herein.

164.    Paragraph "164" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "164" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

165.    Paragraph "165" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "165" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

166.    The allegations set forth in Paragraph "166" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "166" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

167.    The allegations set forth in Paragraph "167" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "167" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

168.    Defendants repeat and reallege all of the denials in paragraph 1 through 167 of this answer as if fully set forth herein.

169.    Paragraph "169" of the Complaint sets forth legal conclusions and questions of law as to which no response is required. To the extent a response is required to paragraph "169" of the Complaint, Defendants deny the allegations contained therein and respectfully refer all questions of law to the Court.

170.    The allegations set forth in Paragraph "170" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "170" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

171.    The allegations set forth in Paragraph "171" of the Complaint are not factual allegations but hypotheticals, assertions, interpretations, or conclusions of law, to which no response is required. To the extent a response is required to paragraph "171" of the Complaint, Defendants deny each and every allegation contained therein and respectfully refer all questions of law to the Court.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By way of further Answer, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed to the extent Plaintiff's claims are not pleaded fully or to the extent Plaintiff did not qualify for such statutory protection.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, punitive damages, exemplary damages or attorneys' fees may be awarded.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based upon res judicata and/or collateral estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, and a collective action cannot be certified, because Plaintiffs cannot establish, they were, or are, similarly situated to potential members of the collective action for the purposes of 29 U.S.C. § 216(b).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action under Fed. R. Civ. P. 23 with respect to claims under the New York Labor Law. Upon information and belief, individual issues predominate over common issues, and the claims of the named Plaintiffs are not typical of those of other putative class members.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

The potential class is not sufficiently numerous such that that joinder of all putative class members is impracticable.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

The questions of law or fact are not common to the potential class.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

The claims or defenses of the parties are not typical of the claims or defenses of the potential class.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot fairly and adequately protect the interests of the potential class.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not similarly situated with those they allege are potential members of a class.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not adequate representatives of the putative class members.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

There does not exist a class of people who are similarly situated to the Plaintiffs with respect to the application of FLSA.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may not be maintained on a class or collective-wide basis is in appropriate because resolution of such claims requires an individualized inquiry.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to satisfy conditions precedent.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by waiver, general release, estoppel and/or acquiescence.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based upon laches and/or the applicable statute of limitations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based upon accord and satisfaction.

### AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of payment, tender, discharge, waiver or abandonment.

### AS AND FOR AN TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of payment.

### AS AND FOR AN TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs were paid properly under all applicable wage and hour laws.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Any acts or omission on the part of Defendants were in good faith because Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL") or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines. As such Defendants assert a lack of willfulness or intent to violate the FLSA, NYLL or any applicable state law.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, as Defendants have acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, the New York State Department of Labor, and/or any other regulatory, municipal, governmental and/or other authoritative agency.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

John Armato and Yvette Armato a/k/a Yvette Bahamonde are not covered employers under the FLSA or NYLL.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot establish a willful violation under the FLSA or NYLL.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiffs could establish that the Defendants are liable under FLSA and/or NYLL (and they cannot), recovery must be limited because the Defendants did not act willfully.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for failure to provide wage statements at payment are barred pursuant to NYLL § 198(1-d), as Defendants made "complete and timely payment of all wages due."

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

At no point in time did Defendants make any improper deductions from Plaintiffs' compensation, and all deductions purportedly made from Plaintiffs' compensation (if any) were in

accordance the FLSA, NYLL or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

To the extent any overtime or spread of hours pay might have been inadvertently underpaid or unpaid, any amounts owed are *de minimis* and thus the Plaintiffs may not recover therefore.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

Defendants are entitled to a set-off with respect to each Plaintiff and every other employee for monies already paid, including for any hours that a particular employee was not working.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to cumulative liquidated damages with respect to their FLSA and NYLL claims. *See, e.g.*, *Chowdhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59, 60 (2d Cir. 2016); *Inclan v. New York Hospitality Group*, 95 F.Supp.3d 490 (S.D.N.Y. 2015).

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, based upon Plaintiffs' own culpable conduct, unclean hands and/or breach of contract.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**

To the extent discovery reveals Plaintiffs falsely reported their hours and/or dates of purported work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of hours, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

**AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, where Plaintiffs have or had unclean hands, including where Plaintiffs requested

26

compensation during their employment to underreport their wages for tax purposes and for other purposes including, but not limited to, receiving public benefits such as Medicaid, housing, and other financial assistance for which they would not otherwise be eligible or qualified.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based upon documentary evidence.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages and/or by collateral source of recovery.

## RESERVATION OF RIGHTS

Defendants hereby reserve their right to supplement and/or amend their affirmative defenses as additional defenses become known to them through the course of investigation and discovery.

**WHEREFORE**, Defendants respectfully request the Court issue an Order dismissing Plaintiffs' Complaint in its entirety, with prejudice, and awarding Defendants such other, further, and different relief, as the Court deems just, proper, and/or equitable, including attorneys' fees and the costs and disbursements of this action.

Dated: Mineola, New York
      July 28, 2023

**PALMIERI LAW P.C.**

**By:**    /s/*Vito A. Palmieri, Esq.*
      Vito A. Palmieri, Esq.
      *Attorneys For Defendants*
      250 Mineola Boulevard
      Mineola, NY 11501
      (516) 248-9595
      vpalmieri@pallawny.com

TO:    Christopher Marlborough (CM6107)
THE MARLBOROUGH LAW FIRM, P.C
445 Broad Hollow Road, Suite 400
Melville, New York 11747
(212) 991-8960
chris@marlboroughlawfirm.com

MCBRIEN LAW PC
Bruce McBrien
140 Fell Court, Suite 305
Hauppauge, NY 11788
(631) 403-0335
bruce@mcbrienlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Vito A. Palmieri, Esq., an attorney licensed to practice in the State of New York and the United States District Court for the Eastern District of New York, hereby certify that:

On _____, 2023, I caused a copy of the annexed Answer to be served upon counsel for the Plaintiff below by electronic filing with the Clerk of the Court using the CM/ECF System and via regular mail upon the address below:

Christopher Marlborough
THE MARLBOROUGH LAW FIRM, P.C
445 Broad Hollow Road, Suite 400
Melville, New York 11747

Bruce McBrien
MCBRIEN LAW PC
140 Fell Court, Suite 305
Hauppauge, New York 11788

Dated: Mineola, New York
_____, 2023

/s/ *Vito A. Palmieri*
Vito A. Palmieri, Esq.