# McBrien Law

Employment Litigation
140 Fell Court, Suite 305
Hauppauge, NY 11788

T. (631) 403-0335   F. (631) 493-7302

P. Bruce McBrien*                                                                                                   *Direct email: bruce@mcbrienlaw.com

Via ECF                                                                                                                September 12, 2023
Hon. Anne Y. Shields
United States District Court Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: Lujs Cano, et al v. John Armato, et al,
     <u>Docket No. CV 23-3812 (JMA) (AYS)</u>

Dear Judge Shields:

  This firm, along with the Marlborough Law Firm P.C., represents Named Plaintiff Lujs Cano, Reyes Wilfredo Funes Romero, Kevin Zelaya, and Jose Nelson Iraheta ("Named Plaintiffs") and Opt-In Plaintiffs Cristobal Fuentes, Jose Nelson, Luzgardo Murillo, Wilfredo Robles, Manuel Ramos, Roque Avelar and Lorenzo Portillo ("Opt-In Plaintiffs") in the above-referenced collective action against the Defendants, John Armato, Yvette Armato a/k/a Yvette Bahamonde, and Tuscany Marble and Granite, Inc. (collectively as "Defendants"), their former employers, for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Pursuant to the Court's initial conference order, the parties' submit the following joint letter regarding this matter, stating as follows:

<u>Basis for Federal Jurisdiction</u>

  Plaintiffs state federal jurisdiction pursuant to 28 U.S.C. § 1331 as he asserts claims under the FLSA, 29 U.S.C. § 201 et seq., and states supplemental jurisdiction over his NYLL claims pursuant to 29 U.S.C. § 1367.

<u>Statement Confirming that All Defendants have been Served and Answered</u>

  All Defendants have been served and filed their Answer. D.E. 22.

<u>Statement as to Whether There are Counterclaims or Crossclaims</u>

  Defendants have not asserted any counterclaims or crossclaims.

<u>Description of Plaintiffs' Claims</u>

  Plaintiffs assert that Defendants employed them as laborers including, but not limited to stone finishers, installers, and installers' helpers from at least in or about 2017 until on or about October 28, 2022.

  Plaintiffs and other similarly situated Tuscany Laborers contend that they have not received all of the overtime compensation owed to them when working more than forty hours in a workweek. Additionally, Plaintiffs and other similarly situated Tuscany Laborers contend that Defendants maintained several common pay practices and policies with respect to Plaintiffs and other similarly situated Tuscany Laborers.

  Plaintiffs contend that they and similarly-situated employees were subject to Defendants' No Overtime Pay Policy. Plaintiffs and other Tuscany Laborers were not paid any premium for overtime hours worked. Instead, Defendants paid Plaintiffs and other Tuscany Laborers at their regular hourly rate or nothing at all for overtime hours worked.

  Plaintiffs and other similarly situated Tuscany Laborers contend they were subject to Defendants' Automatic Deduction Policy. Defendants automatically deducted one hour per shift for lunch. But Defendants did not permit Plaintiffs and other Tuscany Laborers to take lunch breaks of longer than thirty minutes and often required them to work with no uninterrupted meal break at all. Defendants' Automatic Deduction Policy resulted in an underpayment of two and a half hours to five hours of unpaid time per week.

  Defendants regularly failed to pay Plaintiffs and other similarly situated Tuscany Laborers for all of the hours they worked, by reducing the number of hours paid ("Time Shaving Practices"). Because Plaintiffs and similarly situated Tuscany Laborers regularly worked more than forty hours per week, Defendants' Automatic Deduction Policy and Time Shaving Practices regularly resulted in Defendants' nonpayment of wages that should have been paid at the overtime rate. However, in instances where Tuscany Laborers worked less than forty hours in a workweek, Defendants' Automatic Deduction Policy and Time Shaving Practices resulted in unpaid regular wages.

  Finally, throughout their employment, Plaintiffs contend that Defendants failed to provide them and similarly-situated employees with a compliant wage notice at their times of hire and change in pay rates in violation of NYLL § 195(1), and that Defendants further failed to provide them with accurate wage statements for each pay period, in violation of NYLL § 195(3).

  Accordingly, Plaintiffs assert claims for: failure to pay them and any similarly-situated employees overtime compensation under the FLSA and NYLL; under 12 N.Y.C.R.R. § 146-1.6; failure to pay wages under NYLL §§ 191, 663(1); failure to provide compliant wage notices at Plaintiff's and any similarly-situated employees' times of hire and change in pay rates under NYLL § 195(1); and failure to provide accurate wage statements for each pay period under NYLL § 195(3).

  Plaintiffs' counsel has reviewed the Court's rules and appendices concerning motions for conditional certification. We have also met and conferred with Defendant's counsel seeking Defendants' consent to the motion and the use of the Court's templates documents. Defendants have not yet consented to the motion.

Page 3 of 4
CV 23-3812 (JMA) (AYS)
September 12, 2023

Description of Defendants' Position

Palmieri Law P.C. represents Defendants John Armato, Yvette Armato and Tuscany Marble and Granite, Inc. ("Tuscany") (collectively, the "Defendants").

As the Court is aware, this action seeks damages from the Defendants for alleged labor law violations for, among other things, not paying for overtime. Tuscany is a granite, stone, quartz and other natural stone fabricator and reseller. Tuscany employs fabricators who work in the company warehouse fabricating and cutting the stone for the various projects along with helpers, and they also employ several installers who go to the various projects to install the stone once it has been fabricated.

Defendants deny the allegations asserted by the Plaintiffs. To give the Court some historical background, in 2016 Tuscany went through a NYS Labor Department audit, wherein they audited Tuscany's payroll. The Labor Department randomly and personally interviewed each of the employees, using a Spanish interpreter. The Labor department concluded that Tuscany had largely complied with the law and had properly paid each of the employees, though the Department found certain technical violations that resulted in Tuscany paying approximately $30,000.00 – $40,000.00. Nonetheless, the Labor Department educated Tuscany on how to correct its recordkeeping and how to record or document its employees' hours and wages. The fact that the Labor Department, after a random audit that reviewed 2 years that overlap with Plaintiffs alleged claims, found minor infractions should hold great weight in determining the credibility of the Plaintiffs' claims, especially when they are conspicuously based on a nonexistent overtime period. Defendants have also permitted all meal breaks and provided all wage notices as required by law. In fact, Defendants inform me that Tuscany has utilized a payroll service company since approximately 2017 handling the payroll records supporting the hours worked and what employees were paid.

Two of the Plaintiffs were installers, meaning that they did not work in the company warehouse for a set schedule but as installers. They would go from project to project off site to install the stone products. This is a significant fact because as installers they often don't work a full day. They were project based and often left for home after they installed the stone at a homeowner's project, working many times less than 40 hours per week. Yet Tuscany would pay them for the full day, and each employee would sign a receipt when paid confirming his or her wages and his or her hours. Furthermore, the remaining employees were basically helpers in the warehouse, assisting with keeping the warehouse clean and cutting, polishing or gluing the stone products as per the project specifications.

Moreover, upon information and belief, some of these claims may be barred by the statute of limitations or at least limited in scope, as Plaintiffs Cano and Zelaya were only employed up to 2020 and Romero only up to 2018. Pursuant to law some of the claims may be limited to the State's six-year statute of limitations, while the Federal claims may be limited to only three years.

Page 4 of 4
CV 23-3812 (JMA) (AYS)
September 12, 2023

      Defendants also assert that Named Plaintiff Jose Nelson Iraheta and Opt-In Plaintiffs Cristobal Fuentes, Luzgardo Murillo. Wilfredo Robles, Manuel Ramos, Roque Avelar and Lorenzo Portillo (the "Improper Plaintiffs") are improper parties to this action, as they each received a severance package when Tuscany scaled down its business, wherein each Improper Plaintiff acknowledged in writing after having ample opportunity to review the agreements with an attorney that he or she has been paid in full for all hours worked, including all overtime hours, and has received all wage notices. Each Improper Plaintiff also released all claims, whether known or unknown, against the Defendants in connection with his or her time as an employee of the Defendants.

      Lastly, upon information and belief, the Defendants believe that the discovery in this case will show that the Plaintiffs received the proper forms similar to the 195 and also were paid appropriately for their wages and any overtime if it existed.

<u>Statement Describing Potential Informal Paper Discovery</u>

      With respect to discovery that can be provided without the need for formal discovery requests, Plaintiffs intend to seek all documents relating to their hours worked, rates of pay, compensation paid, records reflecting Defendants' employment and compensation policies, and records reflecting any prior wage and hour lawsuits. Defendants intend to seek all documents and other records regarding the Plaintiff's claims including logs, diaries, photos of time sheets and any and all records and documentation regarding Plaintiff's hours and/or wages including receipt of cash and any other form of payments. The parties intend to exchange these records on or before November 10, 2023, as set forth in the parties' proposed FLSA Discovery Plan Worksheet.

<u>Date for Proposed Status Report and Telephone Status Conference</u>

      The parties propose that the Court direct them to submit a status report regarding their discovery efforts on or before November 20, 2023, and that a telephone status conference be scheduled for November 27, 2023.

      Finally, the parties have agreed to and request that the Court refer this matter to the EDNY Court-annexed mediation program.

      Respectfully submitted,

      P.Bruce McBrien

CC: All Counsel of Record via ECF